JONES, Justice
(concurring specially).
I concur in the judgment to affirm. I write separately to voice my conviction that the holdings and the rationale of Fennell Realty Co. v. Martin, 529 So.2d 1003 (Ala.1988), and Cashion v. Ahmadi, 345 So.2d 268 (Ala.1977), should be reaffirmed. While I have no quarrel with the general rule of caveat emptor as it relates to the *475 sale of a used house, I also maintain that the exception based on a “direct inquiry-prior to the closing,” recognized and applied in Fennell Realty Co., is absolutely essential to the credibility of the general rule. A rule so rigid that it will not bend will break. Without the Fennell Realty Co. and Cashion exception, the caveat emptor rule would self-destruct by the harshness of its “no exception” application.
Although the facts of this case present a rather close question with respect to the nondisclosure of material facts by the sellers, I agree that summary judgment is appropriate under these circumstances. The buyer made no direct inquiry of the sellers before the sale concerning the condition of the furnace. Moreover, the gravamen of the buyer’s claim was in no way related to the safety of the heating unit; rather, the claimed damages related solely to the fact that the furnace “played out” two years after the purchase of the house.
HORNSBY, C.J., concurs.